MATTER OF H—V—

In DEPORTATION Proceedings

A-10743391

*Decided by Board August 17, 1961*

**Deportability—Narcotics offense—Finality of conviction.**

Where conviction for narcotics offense resulted in respondent's commitment for treatment and supervision under the Federal Youth Correction Act, held that for purposes of section 241(a)(11) of the Immigration and Nationality Act his conviction was "final" without regard to imposition of sentence.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs.

BEFORE THE BOARD

DISCUSSION: This case comes forward on appeal from an order entered by the special inquiry officer on July 14, 1961, denying the respondent's motion requesting reopening and reconsideration of the decision of April 21, 1960, directing that the respondent be deported from the United States pursuant to law on the charge stated in the order to show cause. Counsel on appeal asserted that the respondent's wife and minor child are citizens of the United States. He argued that the respondent's conviction in the United States District Court, Southern District of California, Southern Division, San Diego, California, on March 21, 1960, is not a final conviction within the meaning of the Immigration and Nationality Act, in that, to constitute a conviction thereunder a sentence must be imposed rather than commitment for treatment and reformation.

The respondent, a 23-year-old married male, native and citizen of Mexico, has resided continuously in the United States since his admission at San Ysidro, California, on June 15, 1956. The record reflects the respondent was convicted on his plea of guilty in the United States District Court, Southern District of California, Southern Division, San Diego, California, on March 21, 1960, for illegally importing narcotics into the United States in violation of section 174, Title 21, United States Code. Following this convic-

428

tion, the respondent was sentenced to the custody of the Attorney General for treatment and supervision until discharged by the Youth Correction Division. It was adjudged and recommended that the respondent be given an opportunity to further his education and learn a useful trade or occupation. Deportation proceedings were instituted against the respondent on April 13, 1960. During the hearing held in deportation proceedings at the Federal Correction Institution, Lompoc, California, on April 21, 1960, the respondent admitted the truth of the several factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein. The record shows that the respondent is subject to deportation on the charge designated above. The special inquiry officer's decision of April 21, 1960, became final when no appeal was taken therefrom.

The section [241(a)(11) of the Immigration and Nationality Act] under which the respondent has been found subject to deportation provides that an alien in the United States shall be deported who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs. The aforementioned section 241(a)(11) requires only a conviction of a narcotic offense without regard to the imposition of a sentence. Moreover, this Board has held that a conviction which results in commitment under the Federal Youth Correction Act possesses sufficient finality to sustain a deportation charge under section 241(a)(4) of the Immigration and Nationality Act which, among other things, provides for the deportation of twice-convicted aliens without regard for the sentence imposed (cf. *Matter of P—*, 8—517).

For the reasons hereinbefore set forth, the request made by counsel on behalf of the respondent for reopening of the proceeding and reconsideration must be denied. This case, like so many of its kind, is a hard one and has many appealing factors. However, it is our duty to apply and interpret the law as it is given us. As previously stated, the record clearly establishes that the respondent is subject to deportation under the provisions of section 241(a)(11) of the Immigration and Nationality Act, in that, he at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs, to wit, illegal importation of narcotics, in violation of Title 21, U.S.C., section 174. The other points raised by counsel have been adequately disposed of by the special inquiry officer. After carefully considering all the evidence of record, together with the exceptions noted on appeal, the decision of the special inquiry officer will be affirmed. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be dismissed.